IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VAL-COM ACQUISITIONS TRUST and TERRELL WILLIAMS, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:10-cv-421 |
| BANK OF AMERICA, N.A., and BAC HOME LOANS SERVICING, LP, | § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS**

Pending before the court is Defendants' "Motion to Dismiss Plaintiffs' First Amended Petition and Brief in Support" filed on December 2, 2010 (Dkt. #14). Plaintiffs failed to respond. Upon consideration of Defendants' motion and the applicable law, Defendants' Motion to Dismiss is **GRANTED** for the reasons set out below.

**I.  BACKGROUND**

Val-Com Acquisitions Trust ("Val-Com") and Terrell Williams ("Williams") (collectively, "Plaintiffs") bring this suit against Bank of America, N.A. ("BOA") and BAC Home Loans Servicing, LP ("BAC") (collectively, "Defendants"). This action is one of several similar actions initiated by Val-Com with varying co-plaintiffs in state district courts in Collin, Tarrant, and other Texas counties, some of which were removed to federal court. Plaintiffs' Amended Complaint (Dkt. #6) asserts that Williams entered into a consumer credit transaction with BOA for the purchase of a personal residence in Wylie, Texas, on September 10, 2004. Am. Compl. 2, ¶ 6. In connection

with the loan transaction, Williams was the maker of a note in the amount of $121, 941.00, payable to BOA as the lender. *Id.* As security for payment of the Note, Williams also executed a deed of trust for the benefit of BOA. *Id.* Williams executed both the Note and Deed of Trust on September 10, 2004. *Id.* Val-Com later acquired the subject property from Williams by a general warranty deed dated April 5, 2010. *Id.* BOA is the current holder of the Note and Deed of Trust, and BAC is the current servicer of the Note. *Id.* at 2–3.

Plaintiffs seek to recover damages due to alleged violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. (2007) ("TILA"); Regulation Z, 12 C.F.R. Part 226 (2011) ("Regulation Z"); and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq*. (1976) ("RESPA"). "[B]ased on the performance of a preliminary review of the loan documents and closing documents relating to the Note and Deed of Trust, [Plaintiffs contend] that BOA violated the provisions of TILA and Regulation Z [and RESPA] by failing to provide Plaintiff Williams with required disclosure statements and other disclosures, and by failing to comply with the procedures required by" TILA, Regulation Z, and RESPA. Am. Compl. 4, ¶¶ 14–16. Plaintiffs also seek damages pursuant to state law claims of fraud in a real estate transaction and negligent misrepresentation. *Id.* at 7–8, ¶¶ 20, 34–36. Finally, Plaintiffs seek declaratory judgment and injunctive relief against non-judicial foreclosure. *Id.* at 10, 12, ¶¶ 38–40.

## II. DISCUSSION

### A. DEFENDANTS' MOTION TO DISMISS

Defendants move for dismissal on the grounds that: (1) Plaintiffs' TILA, Regulation Z, RESPA, and fraud claims are barred by the statutes of limitations; (2) Plaintiffs lack standing to bring these claims; (3) Plaintiffs fail to meet the pleading requirements to state claims under TILA,

Regulation Z, RESPA, and state law fraud; (4) Plaintiffs' negligent misrepresentation claim fails as a matter of law; and (5) Plaintiffs are not entitled to declaratory or injunctive relief.

Plaintiffs have failed to file a response to Defendants' motion for dismissal. Therefore, pursuant to Local Rule CV-7(d), the court will assume that Plaintiffs have "no opposition" to the motion and proceed accordingly. EASTERN DIST. TEX. R. CV-7(d).

**B. LEGAL STANDARD UNDER 12(b)(6) FAILURE TO STATE A CLAIM**

In resolving a Rule 12(b)(6) motion, a court must accept all of the plaintiff's allegations as true. *Ballard v. Wall*, 413 F.3d 510, 514 (5th Cir. 2005). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id.* at 563 n.8. Although detailed factual allegations are not required, a plaintiff must provide the grounds for its entitlement to relief beyond mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level," *id.* at 555, and into the "realm of plausible liability." *Id.* at 557 n.5. Facial plausibility is achieved "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## C. Plaintiffs' Claims Under TILA and Regulation Z[1]

Defendants contend that the Plaintiffs' claims pursuant to TILA and Regulation Z are barred by the applicable statutes of limitations. "If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007). A claim alleging violations of TILA and Regulation Z must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e) (2009). Under TILA, the lender is required to make disclosures at the time the loan transaction is consummated between the consumer and the lender. *Id.* at § 1639(b)(1); *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986). "Nondisclosure is not a continuing violation for purposes of the statute of limitations." *Moor*, 784 F.2d at 633. Rather, the date the "transaction . . . was consummated" is "the date upon which the limitations period began." *Id.* Here, the parties completed the transaction on September 10, 2004. Plaintiffs' Original Petition (Dkt. #2) was not filed until July 1, 2010, well over five years after completion of the transaction. Therefore, Plaintiffs' claims are barred by limitations.

Plaintiffs' Amended Complaint seeks relief from the limitations period on the basis of equitable tolling and the discovery rule, but Plaintiffs cite no authority or facts permitting such relief. *See* Am. Compl. 6, ¶ 25. "To clothe himself in the protective garb of the tolling doctrine, a plaintiff must show that the defendants concealed the reprobated conduct and despite the exercise of due diligence, he was unable to discover that conduct." *Moor*, 784 F.2d at 633. Plaintiffs do not allege that either BOA or BAC concealed anything from Plaintiffs. Rather, Plaintiffs' Amended Complaint alleges that the violations of TILA and Regulation Z "were apparent on the face of the loan

---

[1] Plaintiffs do not allege a separation cause of action for Regulation Z. *See* Am. Compl. 6, ¶ 24.

documents and closing documents." Am. Compl. 6, ¶ 23. Therefore, the court finds that Plaintiffs allege no facts that would warrant the tolling of the statute of limitations.

Further, Plaintiffs' claims fail to allege sufficient facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Plaintiffs allege that Defendants' "continuing failures to provide . . . required disclosure statements and other disclosures, and failures to comply with procedures required" by TILA and Regulation Z "constitute violations of TILA and Regulation Z." Am. Compl. 6, ¶ 24. Plaintiffs do not allege which disclosures were not made or which procedures were not followed. These bare statements are no more than "labels and conclusions" that are insufficient to state a claim for relief. *Twombly*, 550 U.S. at 555. These claims are not facially plausible and do not "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Therefore, the court finds that Plaintiffs have not asserted sufficient facts to adequately allege a cause of action under TILA and Regulation Z. Accordingly, Defendants' motion to dismiss is **GRANTED** as to Plaintiffs' TILA and Regulation Z claims.

### D. PLAINTIFFS' CLAIM UNDER RESPA

A claim under RESPA has either a one-year or three-year limitations period, depending on the provision allegedly violated. 12 U.S.C. § 2614 (1996). Both limitations periods begin to run at the date of closing. *See Snow v. First Am. Title Ins. Co.*, 332 F.3d 356, 359 (5th Cir. 2003); *see also Lechner v. CitiMortgage, Inc.*, No. 4:09-CV-302-Y, 2009 WL 2356142, at *4 (N.D. Tex. July 29, 2009). Here, the date of closing was September 10, 2004. Therefore, while Plaintiffs failed to specify which provisions of RESPA were allegedly violated, any of Plaintiffs' claims under RESPA are barred by the limitations period because their complaint was filed over five years after the date

of closing. Plaintiffs again seek relief from the limitations period on the basis of equitable tolling and the discovery rule, but cite no authority or facts permitting such relief. Am. Compl. 7, ¶ 27. The court rejects this argument on the grounds stated above. *See infra* Part C.

Plaintiffs' RESPA claim also fails to allege sufficient facts to raise a plausible right to relief. *See Twombly*, 550 U.S. at 555; *Iqbal*, 129 S.Ct. at 1949. Plaintiffs allege that Defendants' "continuing failures to provide . . . required disclosure statements and other disclosures, and failures to comply with procedures required by RESPA, constitute violations of RESPA." Am. Compl. 6, ¶ 26. Plaintiffs fail to allege the specific statutory provisions violated by Defendants and fail to allege facts sufficient to support a RESPA violation. Because this claim is not facially plausible, the court finds that Plaintiffs have not asserted sufficient facts to state a claim under RESPA. Accordingly, Defendants' motion to dismiss Plaintiffs' RESPA claim is **GRANTED.**

### E. PLAINTIFFS' CLAIM FOR FRAUD IN A REAL ESTATE TRANSACTION

A claim for fraud in a real estate transaction pursuant to Section 27.01 of the Texas Business and Commerce Code is governed by a four-year statute of limitations. TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(4) (West 1999); *see Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 617 (Tex. 2007). A claim for fraud accrues "when the fraud should have been discovered by reasonable diligence." *Ford*, 235 S.W.3d at 617. Plaintiffs allege that Defendants' false representations were "apparent on the face of the loan documents and closing documents." Am. Compl. 6, ¶ 23. However, Plaintiffs did not file this action until July 1, 2010, over five years after completion of this transaction with alleged facially apparent misrepresentations. Thus, the court finds this action for fraud barred by the statute of limitations. Though Plaintiffs again request relief from the statute of limitations due to equitable tolling or the discovery rule, the court rejects this argument for the

reasons discussed above. *See infra* Part C.

Plaintiffs' claim for fraud in a real estate transaction also fails to allege sufficient facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Plaintiffs allege that Defendants made "false representations of past or existing material facts." Am. Compl. 7–8, ¶ 30. Plaintiffs' contentions regarding fraud in a real estate transaction are no more than "formulaic recitation[s] of the elements of a cause of action" and are insufficient to state a claim. *Twombly*, 550 U.S. at 555. Therefore, the court finds that Plaintiffs have not asserted sufficient facts to pursue a cause of action for fraud in a real estate transaction. Accordingly, Defendants' motion to dismiss Plaintiffs' claim for fraud in a real estate transaction is **GRANTED**.

F. **PLAINTIFFS' CLAIM FOR NEGLIGENT MISREPRESENTATION**

A claim for negligent misrepresentation must be brought within two years of the alleged misrepresentation. *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 885 (Tex. 1998); *Milestone Props., Inc. v. Federated Metals Corp.*, 867 S.W.2d 113, 118–19 (Tex. App.—Austin 1993, no writ). A cause of action for negligent misrepresentation accrues, "and the statute of limitations begins to run, when facts come into existence that authorize a claimant to seek a judicial remedy." *TIG Ins. Co. v. Aon Re, Inc.*, 521 F.3d 351, 355 (5th Cir. 2008) (citing *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998)). A cause of action for negligent misrepresentation accrues at the time the misrepresentation occurs unless the plaintiff sets forth facts establishing that he did not discover, and with reasonable diligence could not have discovered, the fraudulent nature of the representations so as to defer the accrual date beyond the date the defendant allegedly made the misrepresentations. *Harper v. Mac Haik Ford, Ltd.*, No. 01-09-01144-CV, 2010 WL 2650543, at *5 (Tex. App.—Houston [1st Dist.] July 1, 2010). Because Plaintiffs allege the

Defendants made oral and written misrepresentations "when Plaintiff Williams executed the Note and Deed of Trust" and because Plaintiffs have not alleged that they did not discover, and with reasonable diligence could not have discovered, the fraudulent nature of the representations until a later date, the court concludes the statute of limitations began to run on September 10, 2004, the date the Note and Deed of Trust were executed. Am. Compl. 8, ¶ 34. Therefore, Plaintiffs' negligent misrepresentation claim—not brought until July 1, 2010—is barred by the statute of limitations. Plaintiffs again bring the same general argument regarding tolling the limitations period under the equitable tolling doctrine or the discovery rule. The court rejects this argument for the reasons discussed above. *See infra* Part C. Accordingly, Defendants' motion to dismiss Plaintiffs' negligent misrepresentation claim is **GRANTED**.

### G. PLAINTIFFS' CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs request relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02 (2010), and Federal Rule of Civil Procedure 57. However, the Declaratory Judgment Act is a procedural device that creates no substantive rights and requires the existence of a justiciable controversy. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–41 (1937); *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1179 (5th Cir. 1984). As Plaintiffs have not alleged sufficient facts that would lead to the conclusion that a present controversy exists between Plaintiffs and Defendants, the court finds there is no right to relief under the Declaratory Judgment Act.

Likewise, to prevail on a request for injunctive relief, Plaintiffs must show "a substantial likelihood of success on the merits." *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996). Because all of Plaintiffs' causes of action are time barred and because Plaintiffs have failed to allege sufficient facts to support their claims, the court finds that Plaintiffs are not

entitled to injunctive relief.  Accordingly, Defendants' motion to dismiss for failure to state a claim is **GRANTED** as to Plaintiffs' claims for declaratory judgment and injunctive relief.

### III.  CONCLUSION

After reviewing the motion and the applicable law, and considering the fact that Plaintiffs have failed to respond to the motion, the court concludes that Defendants' "Motion to Dismiss" (Dkt. # 14) is hereby **GRANTED**.  Consequently, all of Plaintiffs' claims in this case are **DISMISSED** with prejudice.

IT IS SO ORDERED.

**SIGNED this the 29th day of September, 2011.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE